U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 26 2006

LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IAN NOEL,

                           **Plaintiff,**

    -against-

NEW YORK STATE OFFICE OF
MENTAL HEALTH CENTRAL NEW
YORK PSYCHIATRIC CENTER,

                           **Defendant.**
-----------------------------------------------------------x

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

Index No. 6:06-cv-0788

Assigned Judge: Judge Hurd
Magistrate Judge Lowe

Plaintiff Ian Noel, as and for his complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, retaliated against and terminated based on race/color.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Northern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the U.S. Department of Justice, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is an African American male who at all times relevant herein resided in Oneida County within the State of New York.

8. Upon information and belief Defendant, a State of New York Agency, is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the Defendant since July 2003.

11. During the period relevant herein, Plaintiff has held the position of Security Hospital Treatment Assistant at Defendant's Marcy, New York location.

12. During his period of working for the Defendant, Plaintiff has always performed his assigned duties in a competent and professional manner, his time and attendance have been excellent, and his probation was completed in July 2004.

13. At various times Defendant supervisor Michael Chapman ("Chapman"), who is a white male, and other non-minority supervisors of the Defendant engaged in racially objectionable behavior and disparate treatment which they directed at the Plaintiff and at other minority employees, including but not limited to Dwayne Hayes and Terrence Jameson ("Jameson"), both African American males.

14. Chapman's offensive behavior included but was not limited to: racially objectionable comments, including a remark to the effect that "they [the Defendant] were hiring a lot of blacks" and "where would we put them all?"; failing to reprimand other non-minority employees for their objectionable comments, including an incident where Plaintiff and Jameson were told "if you guys don't pass probation, you guys will go back to the city selling watches on the corner, stealing hubcaps and playing basketball in the park;" and berating Plaintiff in front of staff and patients, which he did not do with non-minority employees.

15. Additionally, Personnel Director Ron Wright, a white male, questioned why

Plaintiff wore his hair in a "dreadlock" style and often told him that it needed to be cut.

16. When Jameson formally complained of these offensive actions in November 2005, an investigation was conducted and Plaintiff was asked for his observations.

17. Although warned not to testify by his senior Kevin Boyer (white male), Plaintiff confirmed many of Jameson's allegations.

18. Plaintiff's support of Jameson's allegations contributed significantly to Chapman being formally reprimanded in a "Discrimination Complaint Determination," which confirmed that Chapman treated Jameson differently and that he made inappropriate comments; however, no finding was made that the behavior was racially motivated and, accordingly, no significant corrective action was taken.

19. Plaintiff's support for Jameson also triggered retaliation whereby Chapman and other Defendant supervisors began a program of retaliating against him, by, *inter alia*, intensely scrutinizing his work activities and subjecting him to unequal discipline.

20. Soon thereafter Plaintiff found a 'post-it' affixed to his locker which had the words "rat niger" written on it.

21. Also around that time, the tires on Plaintiff's personal vehicle were slashed.

22. Additionally, police were summoned to Plaintiff's personal residence, upon information and belief, by the Defendant, who falsely claimed that Plaintiff had threatened someone.

23. On November 17, 2004, Plaintiff was involved in an incident with a patient and was falsely accused of addressing the patient in a verbally abusive manner.

24. On or about November 26, 2004 Plaintiff was placed on administrative leave.

25. In a letter dated December 15, 2004 Plaintiff was informed that he was being

suspended based on "misconduct/incompetence" and that the Defendant would pursue terminating him, which was effectuated in May 2005.

26. Soon thereafter, Plaintiff sought help for stress and anxiety from Defendant's Employee Assistance Program (EAP).

27. As of the date of his termination, Plaintiff was making a base salary of approximately $38,000, however, overtime can increase the yearly salary to as high as $75,000 per year.

28. Plaintiff has been unable to find commensurate employment since his termination.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated based on his race/color.

31. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated based on his race/color.

34. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as though fully set forth herein.

36. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated in retaliation for opposing discriminatory practices by the Defendant.

37. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" as though fully set forth herein.

39. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated in retaliation for opposing discriminatory practices by the Defendant.

40. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ian Noel, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        June 21, 2006

Respectfully submitted,

*[signature]*

Ian Noel, *Pro Se*
77 Clinton Street, Apt. Y-5
New York Mills, NY 13417
(315) 768-1192

# VERIFICATION

STATE OF NEW YORK            )
                             )  SS:
COUNTY OF ONEIDA             )


IAN NOEL, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
IAN NOEL

Subscribed and sworn to before me this
26th day of June, 2006.

_____
Notary Public

CHRISTINE B. MERGENTHALER
Notary Public, State of New York
No. 4917218
Qualified in Herkimer County
Commission Expires December 28, 2009

9



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
3510 4549

950 Pennsylvania Avenue, N.W.
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Ian Noel, Sr.
c/o Paul N. Cisternino, Esquire
Law Office of Paul N. Cisternino
Attorneys at Law
701 Westchester Ave., Ste. 308W
White Plains, NY  10604

April 25, 2006

Re:  EEOC Charge Against Central NY Psychiatric Center
     No. 165200501008

Dear Mr. Noel, Sr.:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                     Sincerely,

                                       Wan J. Kim
                         Assistant Attorney General
                           Civil Rights Division

              by  *[signature]*

                                 Karen L. Ferguson
                     Supervisory Civil Rights Analyst
                       Employment Litigation Section

cc:  Buffalo Local Office, EEOC
     Central NY Psychiatric Center