UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IAN NOEL,

                        Plaintiff,

       v.                                                          6:06-CV-788

NEW YORK STATE OFFICE OF MENTAL
HEALTH CENTRAL NEW YORK
PSYCHIATRIC CENTER,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

MARY R. HUMPHREY, ESQ.
Attorney for Plaintiff
4063 Oneida Street, Apt. 6
New Hartford, New York 13413

HON. ANDREW CUOMO                    KELLY L. MUNKWITZ, ESQ.
Attorney General of the State of New York     CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorneys for Defendant
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

      Plaintiff Ian Noel ("plaintiff") brought this race-based employment discrimination action against defendant New York State Office of Mental Health Central New York Psychiatric Center ("defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), and the New York Human Rights Law, N.Y. Exec. Law. § 296 ("HRL"). Specifically, plaintiff asserted the following causes of action: disparate treatment under Title VII (First), disparate treatment under the HRL (Second), retaliation under Title VII

(Third), retaliation under the HRL (Fourth), hostile work environment under Title VII (Fifth), and hostile work environment under the HRL (Sixth).

Prior to trial, plaintiff's HRL causes of action (Second, Fourth, and Sixth) were dismissed on grounds of sovereign immunity.

On February 14, 2008, a jury returned a verdict in favor of plaintiff on the Title VII retaliation claim (Third Cause of Action), awarding him $400,000 in compensatory damages, but in favor of defendant on the Title VII disparate treatment and hostile work environment claims (First and Fifth Causes of Action, respectively). Both parties filed post-trial motions. Those motions were denied.

Plaintiff now moves for attorney's fees and costs.[1] Defendant opposes. There was no oral argument.

In Title VII actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 2000e-5(k).

Plaintiff seeks a total of $26,911.10; $26,175 for attorney's fees and $736.10 for costs. The attorney's fees sought by plaintiff are based on an hourly rate of $150 and 174.5 hours of work. Defendant does not dispute that plaintiff's requested hourly rate of $150 is reasonable; indeed, it is.[2]

---

[1] Plaintiff's counsel cites "43 U.S.C. § 1988" as the statutory basis for this motion. It is presumed, since no such statute exists, that plaintiff's counsel meant to cite 42 U.S.C. § 1988(b), which gives the court discretion to grant attorney's fees in certain civil rights actions. However, motions for attorney's fees in Title VII actions are governed by 42 U.S.C. § 2000e-5(k), not 42 U.S.C. § 1988(b). In any event, plaintiff's motion will be analyzed under 42 U.S.C. § 2000e-5(k).

[2] Since the hourly rate of $210 is regularly deemed reasonable for "experienced attorneys" in this District, it is presumed that plaintiff's counsel does not fit that description.

Defendant does, however, seek a reduction in the total number of hours submitted by plaintiff.  Specifically, defendant contends that plaintiff is not entitled to attorney's fees for work on the Title VII disparate treatment and hostile work environment claims since the jury found in defendant's favor on those claims.

Where a plaintiff brings a single action involving "distinctly different claims for relief that are based on different facts and legal theories" such that "counsel's work on one claim will be unrelated to his work on another claim," an award of attorney's fees must be limited to the claims on which the plaintiff was the prevailing party.  Hensley v. Eckerhart, 461 U.S. 424, 434-45, 103 S. Ct. 1933, 1940 (1983); see Patterson v. Balsamico, 440 F.3d 104, 123 (2d Cir. 2006).

In this case, plaintiff's three Title VII claims were not distinctly different claims based on different facts and legal theories such that his counsel's work on the retaliation claim was unrelated to her work on the disparate treatment and hostile work environment claims.  Thus, the number of hours submitted by plaintiff will not be reduced on that ground.

However, plaintiff is not entitled to attorney's fees for time spent working on the unsuccessful post-trial motion.  That motion was completely separate from the part of the action on which plaintiff prevailed and it was denied in its entirety.  Since plaintiff's submissions show that his counsel spent thirty-eight hours working on the post-trial motion – an excessive amount of time considering it consisted of a simple, short memorandum of law – the total number of hours submitted by plaintiff will be reduced from 174.5 to 136.5.

Thus, plaintiff is entitled to $20,475 for attorney's fees – based on an hourly rate of $150 and 136.5 hours of work – and $736.10 for costs.  This is only approximately 5% of the amount awarded by the jury and is more than fair and reasonable.

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees and costs is GRANTED;

2. Plaintiff is awarded attorney's fees and costs in the amount of $21,211.10; and

3. The Clerk is directed to (a) enter judgment in the sum of $421,211.10 in favor of plaintiff and against defendant on the Third Cause of Action, and (b) dismiss the First, Second, Fourth, Fifth, and Sixth Causes of Action.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 8, 2008
       Utica, New York.