UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

IAN NOEL,

                Plaintiff,

  vs.

                                          6:06-CV-788

NEW YORK STATE OFFICE OF MENTAL
HEALTH CENTRAL NEW YORK
PSYCHIATRIC CENTER,

                Defendant.

--------------------------------------------------------------

APPEARANCES:                              OF COUNSEL:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
6599 Martin Street
Rome, New York 13440

MARY R. HUMPHREY, Esq.
Attorney for Plaintiff (Terminated 2/4/10)
Apt 6
4063 Oneida Street
New Hartford, New York 13413

HON. ANDREW CUOMO                  KELLY L. MUNKWITZ, AAG
Attorney General of the State of New York    CHRISTINA L. ROBERTS-RYBA, AAG
Attorneys for Defendant
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## ORDER

      A number of factual and legal issues must be clarified before a decision can be made with regard to the order to Show Cause for contempt, sanctions, payment of the Judgment and additional attorney's fees. (Docket No. 93)

Therefore, an evidentiary hearing, under oath, will be conducted on Wednesday, June 9th, 2010 at 10:30 a.m. in Utica, New York.

At the hearing, the plaintiff must be prepared to clarify the details regarding:

(1) (a)  The receipt; (b) endorsement; (c) notification of his attorney; (d) oral contracts with state officials for defendant; (e) acceptance of the money; and (f) any written correspondence (sent or received) regarding the partial settlement check of $139,582.52;

(2) The voucher received and signed by plaintiff's former attorney Mary Humphrey;

(3) The voucher sent to plaintiff's attorney;

(4) The exact amount, now claimed to still be owed on the judgment; and

(5) Any other pertinent details, facts, or issues that plaintiff may wish to raise.

The defendant must be prepared to clarify the details regarding:

(1) (a) The sending of the partial settlement check to plaintiff and not his attorney; (b) who made the decision; (c) who sent the check; (d) why only to the plaintiff; (e) written correspondence and explanation, if any, to plaintiff and/or plaintiff's attorney before or after the check was sent; and (f) copy of the endorsement by plaintiff;

(2) The sending of vouchers to plaintiff's present and former attorneys;

(3) The exact amount admitted to still be owed on the judgment; and

(4) Any other pertinent details, facts, or issues that defendants may wish to raise.

Witness lists (with a brief outline of their testimony), and exhibit lists are to be filed on or before June 4, 2010.

In addition to prior submissions, both sides shall also file supplemental memorandum of law to answer the following specific questions:

1.  Did the defendant have the specific authority to make a partial satisfaction of a <u>judgment</u> (based on back and front pay by a former employee), by withholding taxes, etc? Cite the <u>specific</u> cases, statutes, or any other authority regarding the partial satisfaction of such a judgment to support answer of YES or NO;

2.  Did the defendant <u>specifically</u> violate the law in making a partial satisfaction of a <u>judgment</u> (based on back and front pay by a former employee) by withholding taxes, etc., so as to warrant a finding of contempt of court? Cite <u>specific</u> cases, statutes, or other authority to support an answer of YES or NO;

3.  Did the defendant and/or its attorneys or other state officials <u>specifically</u> violate the law, canon of ethics, or other authority by sending the partial settlement check directly to plaintiff so as to warrant a finding of contempt of court? Cite <u>specific</u> cases, statutes or other authority to support an answer of YES or NO;

4.  Was the plaintiff's endorsement of the partial settlement check and acceptance of the money a partial satisfaction in the sum of $280,000 toward the <u>Judgment</u>? Cite <u>specific</u> cases, statutes, or other authority to support an answer of YES or NO.

Finally, as stated at the settlement conference on April 5, 2010, these issues should be resolved between the attorneys in a professional manner and with a spirit of compromise. Otherwise, this litigation which is already over five years old will continue indefinitely with unnecessary time and effort expended by all concerned. To date, no such spirit has been observed on the part of either side with the result that there is a great waste of money by the plaintiff and the State of New York. This is a disservice to both clients.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 28, 2010
       Utica, New York