UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IAN NOEL

                Plaintiff,

       v.                                 No. 6:06-CV-788

NEW YORK STATE OFFICE OF MENTAL
HEALTH CENTRAL NEW YORK
PSYCHIATRIC CENTER,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
6599 Martin Street
Rome, New York 13440

HON. ANDREW CUOMO                   KELLY L. MUNKWITZ, ESQ.
Attorney General of the State of New York   CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorneys for Defendant                 DAVID B. ROBERTS, ESQ.
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## **DECISION & ORDER**

       The parties' familiarity with the underlying facts is assumed given the multiple efforts to satisfy the amended judgment entered in plaintiff's favor. In accordance with the mandate of the Second Circuit Court of Appeals, see Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric Ctr., 361 F. App'x 196 (2d Cir. 2010), plaintiff's damages award was reduced to $280,000. See Order, Dkt. No. 81. Plaintiff's initial award of attorney's fees and costs of $21,211.10 remained undisturbed, and additional attorney's fees on account of

the need to litigate defendant's appeal were awarded in the amount of $17,006.38. See id. Accordingly, an amended judgment was entered for $318,217.48, with interest accruing on $301,211.10 beginning from May 8, 2008. Id. Nevertheless, the parties dispute the amounts presently owed, and plaintiff moves for sanctions as a result of defense counsel's actions. Therefore, a second amended judgment is necessary.

Defendant acknowledges that a "settlement" check in the amount of $139,582.52 was sent directly to plaintiff, as opposed to plaintiff's counsel, on March 25, 2010, for full satisfaction of the $280,000 owed in damages. In fact, plaintiffs counsel was not even consulted or copied regarding the direct payment to plaintiff.[1] According to defendant, the difference between the amended judgment entered in plaintiff's favor and the "settlement" check sent to him was due to its obligation to make several deductions from plaintiff's award for back and front pay. Defendant's deductions included federal and state income tax withholdings, state and local retirement system contributions, and union dues. Although defendant concedes that the deductions for state and local retirement system contributions were in error, it maintains that the other deductions were required by law.

On April 14, 2010, defendant sent plaintiff's appellate counsel, Ms. A.J. Bosman, Esq., a voucher for $17,006.38 for the award of attorney's fees and costs. See Ex. A to Def.'s Letter Br., Dkt. No. 111-1. Ms. Bosman allegedly refused to sign the voucher, and an amended voucher was sent to her on May 11, 2010 for the same amount. See Ex. B to Def.'s Letter Br., Dkt. No. 111-2. Notwithstanding defendant's attempts to pay plaintiff's

---

[1] It must be noted that defense counsel neither consulted with the court nor requested a ruling as to the legal status of such "deductions" before unilaterally applying them to the "settlement" check.

attorney's fees, Ms. Bosman did not sign the amended voucher and, at that time, contended she had not received any payments. See Pl.'s Letter Br., Dkt. No. 110.

On May 5, 2010, defendant sent plaintiff's trial counsel, Ms. Mary R. Humphrey, Esq., a payment of $21,211.10 with interest in accordance with the amended judgment. Ms. Humphrey accepted the payment and is no longer owed attorney's fees or costs. See Humphrey Letter Br., Dkt. No. 112.

On or about July 1, 2010, defendant sent Ms. Bosman a check written for plaintiff in the amount of $10,301.86 and an accompanying letter explaining that the check was for interest owed on the amended judgment.[2] Plaintiff declined to cash the check and contends he is owed a greater amount in interest payments. Shortly thereafter, defendant sent Ms. Bosman a check in the amount of $17,025.56 for attorney's fees. On July 23, 2010, Ms. Bosman wrote a letter to defense counsel in which she stated that she "reluctantly" deposited the check "in partial satisfaction of the Judgment in this matter . . ." and that she still expects defendant to pay the remaining amount owed in damages.[3]

The overly contentious and antagonistic behavior of the attorneys in this matter has led to unnecessary cost and delay. Even if the decision to send a "settlement" check directly to the plaintiff was a mere oversight, as opposed to an intentional act of provocation, defense counsel bore responsibility for how its client attempted to satisfy the amended judgment and should have exerted control over the process by which plaintiff's check was delivered. It was

---

[2] Copies of the letter and check were not filed electronically but will be kept on file with the Court Clerk's Office.

[3] As with the check sent to plaintiff for interest payments, neither Ms. Bosman's attorney's fees check nor her July 23, 2010 letter to defense counsel were filed electronically. Although a copy of the attorney's fees check has not been provided, a copy of Ms. Bosman's letter will be kept on file with the Court Clerk's Office.

inexcusable to ignore plaintiff's counsel.  This was especially true since the "settlement" check involved many complicated and complex "deductions."  However, plaintiff's counsel also has forgone the opportunity to work in a cordial manner with defense counsel and shares some level of accountability for the difficulty in satisfying the amended judgment in favor of her client.

Defendant was asked to provide legal authority in support of its decision to withhold a significant portion of plaintiff's amended judgment for back and front pay.  Significantly, none of the cases cited by defendant involved withholdings from monetary judgments that had already been entered.  Instead, most of the cases that appear in defendant's brief, see Def.'s Mem. of Law in Opp'n to Pl.'s Order to Show Cause, Dkt. No. 94-4, 3-6, concerned the distribution of back and front pay pursuant to settlement agreements.  Only one case cited by defendant, Archie v. Grand Cent. P'ship, Inc., 86 F. Supp. 2d 262 (S.D.N.Y. 2000), did not involve an agreement between the parties.  In Archie, the District Judge ordered the Clerk of the Court to enter a judgment for the plaintiffs on liability following the conclusion of a bench trial.  Archie v. Grand Cent. P'ship, Inc., 997 F. Supp. 504, 536-37 (S.D.N.Y. 1998).  However, the District Court did not order a judgment as to a specific amount of monetary damages.  Id.  Instead, the damages issue was referred to the Magistrate Judge, and, before a judgment was entered, the parties litigated whether defendant could withhold taxes from back pay owed to the plaintiffs.  See Archie, 86 F. Supp. 2d at 272-73.  In contrast, a judgment in favor of Mr. Noel has already been entered for $318,217.48, with interest accruing on $301,211.10 beginning from May 8, 2008.

Defendant was also asked to submit examples of prior cases in which it withheld portions of a plaintiff's back and front pay awards.  See Munkwitz Decl., Dkt. No. 103, ¶ 15;

Tommaney Affirmation, Dkt. No. 103-1, ¶ 4.  In response to this request, defendant cites to two cases.  In the more recent case, Boodram v. Brooklyn Developmental Ctr., 773 N.Y.S.2d 817 (N.Y. Civ. Ct. 2003), the parties entered into a stipulation of settlement and discontinuance under which the plaintiff's back and front pay awards were reduced and withholdings were made.  In the other case cited by defendant, Pyke v. SUNY Health Sci. Ctr., No. 5:99-CV-495 (N.D.N.Y. filed April 2, 1999) (Scullin, J.), the plaintiff accepted a remittitur of his back pay award in lieu of the District Court's decision to grant the defendant's motion for a new trial on the limited issue of back pay damages.  See id., Order, Dkt. No. 127.  Accordingly, a judgment was entered for the remitted amount of back pay.  See id., J., Dkt. No. 128.  Although the defendant in Pyke withheld deductions from the plaintiff's remitted back pay award, Judge Scullin held a telephone conference on September 3, 2003, during which he indicated that no deductions were to be made from the amount stated in the judgment entered by the Clerk of the Court.  See id., Minute Entry, Dkt. No. 136.  Quite clearly, Judge Scullin instructed that his "intention was to adjust the verdict amount to award $35,000 to the plaintiff, with no deductions taken from that amount. . . . Understanding the Court's intent, the parties will attempt to come to an agreement and will advise the Court if further intervention or a court order is needed."  Id.

      Given Judge Scullin's instructions and the distinguishing factors of the other cases cited by defendant, its decision to contravene the amended judgment entered by the Clerk of the Court is not supported by the case law submitted in its briefings.  Having already entered an amended judgment for $318,217.48, defendant was obligated to satisfy its debt for that amount.  This case stands in contrast to the cases defendant relies upon in which the parties reached settlement agreements or had not yet obtained a judgment for a specific amount of

monetary damages.  Therefore, defendant will be directed to pay the difference between the amount reflected in the amended judgment ($318,217.48) less any amounts already deposited by the plaintiff and/or his attorneys.

Although defense counsel deserves criticism for its conduct, including the "settlement" payment sent directly to plaintiff without notice to his counsel, the motion for contempt or sanctions will be denied because of the relatively high burden for showing that such actions were the product of a bad faith attempt to delay or hinder the satisfaction of the amended judgment entered in favor of the plaintiff.  However, plaintiff's request for additional attorney's fees and costs as a result of the need to litigate the pending dispute is reasonable.  Although defendant had the opportunity to review the itemized list of legal services performed and expenses incurred by Ms. Bosman since the filing of the Second Circuit's mandate, see Exs. A and B to Bosman Supplemental Affirmation, Dkt. Nos. 97-1, 97-2, it neglected to oppose plaintiff's request for additional attorney's fees and costs in its supplemental memorandum of law.  See Def.'s Supplemental Mem. of Law, Dkt. No. 107.  In any event, plaintiff's request for additional fees and costs is reasonable, and therefore, the second amended judgment will reflect additional attorney's fees in the amount of $13,241.25 and costs in the amount of $53.70.

Finally, defendant conceded as late as June 4, 2010 that it still owed plaintiff interest on the amended judgment for back and front pay at a rate pursuant to 28 U.S.C. § 1961(a).  On or about July 1, 2010, while this dispute was still pending, defendant sent plaintiff's counsel a check for $10,301.86 for interest owed on the amended judgment.  Plaintiff declined to deposit the check while his motions were under consideration.  Having now decided the issues concerning the attempts by defendant to satisfy the amended

judgment, the defendant will also be ordered to pay post-judgment interest at a rate pursuant to 28 U.S.C. § 1961(a) on the amended judgment.[4]

Accordingly, it is

ORDERED that

1. Plaintiff's motion for contempt of court is DENIED;

2. Plaintiff's motion for sanctions is DENIED;

3. Plaintiff's motion for additional attorney's fees and costs is GRANTED; and

4. The balance due on the amended judgment is as follows:

| | | | |
|---|---|---|---|
| Amended judgment: | | | $318,217.48 |
| Less: the amount sent directly to plaintiff: | $139,582.52 | | |
| Ms. Humphrey's attorney's fees: | $21,211.10 | | |
| Ms. Bosman attorney's fees: | $17,006.38 | | |
| Amount paid towards judgment: | | | – $177,800.00 |
| | | | $140,417.48 |
| Plus: additional attorney's fees: | $13,241.25 | | |
| additional costs: | $53.70 | | |
| Additional fees and costs: | | | + $13,294.95 |
| Balance due: | | | $153,712.43 |
| Plus post-judgment interest. | | | |

---

[4] See Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest on a civil money judgment entered in federal district court is governed by 28 U.S.C. § 1961(a), whereas only pre-judgment interest is governed by N.Y. C.P.L.R. § 5003 in a diversity case); Westinghouse Credit Corp v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004) ("Section 1961 of Title 28 provides a uniform rate at which post-judgment interest is to accrue on civil money judgments recovered in federal district court.").

5.  The Clerk of the Court is directed to enter a second amended judgment in favor of the plaintiff in the sum of $153,712.43 plus post-judgment interest on the amended judgment.

6.  The parties shall submit detailed memorandum as to the amount of post-judgment interest due on the amended judgment as of July 30, 2010.  Said memoranda shall be filed on or before August 13, 2010.

_____
United States District Judge

Dated: July 30, 2010
       Utica, New York